1
2
3
4
5  UNITED STATES DISTRICT COURT
6  DISTRICT OF NEVADA
7
8  ROBERT JOSEPH MCCARTY,     2:11-CV-1538 JCM (RJJ)
9           Plaintiff,
10 v.
11 JOHN V. ROOS, et al.,
12           Defendants.
13
14                              **ORDER**

15     Presently before the court is *pro se* plaintiff Robert Joseph McCarty's motion for injunctive

16 relief. (Doc. #20). Defendants Charlene Hoerth, et. al. filed an opposition. (Doc. #32). Plaintiff

17 then filed a reply. (Doc. #38).

18     As noted in this court's previous order (doc. #40), the defendants in this case have not been

19 served properly. Therefore, the court interprets the instant motion for injunctive relief as a motion

20 for temporary restraining order. (Doc. #20).

21     According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining

22 order when the moving party provides specific facts showing that immediate and irreparable injury,

23 loss, or damage will result before the adverse party's opposition to a motion for preliminary

24 injunction can be heard. The Supreme Court has stated that courts must consider the following

25 factors in determining whether to issue a temporary restraining order and preliminary injunction: (1)

26 a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not

27 granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,

28

**James C. Mahan**
**U.S. District Judge**

555 U.S. 7, 20 (2008).

Plaintiff's motion for injunctive relief does not clearly articulate the relief plaintiff seeks. (Doc. #20). Instead, the motion states that plaintiff moves for the "injunctive relief requested in the partial summary judgment motion . . . ." (Doc. #20). The motion for partial summary judgment,[1] in turn, moves for injunctive relief "as requested in the amended complaint . . . ." (Doc. #13). The amended complaint requests the following injunctive relief: (1) "full and complete expungement of the plaintiff's [criminal] record;" (2) expungement and sealing of "all files at the court, State Department, the Justice Department, and the Nevada Department of Public Safety Records and Technology Division relating to [plaintiff's] conviction in Japan;" and (3) "an in camera full name and full identity change via the Department of Justice." (Doc. #8).

The court declines to grant plaintiff's motion for temporary restraining order. The motion does not provide the court with specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard. *See* FED. R. CIV. P. 65. Further, the motion for injunctive relief does not undertake any analysis of the *Winter* factors. (Doc. #20).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Robert Joseph McCarty's motion for injunctive relief (doc. #20) be, and the same hereby is, DENIED.

DATED April 17, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court denied as moot plaintiff's motion for partial summary judgment on April 17, 2012. (*See* Doc. #40).