UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. ROOS, et al.,<br><br>Defendants. | 2:11-CV-1538 JCM (RJJ) |

**ORDER**

Presently before the court are defendants Charlene Hoerth, Patrick Saunders, and Catherine Cortez Masto's ("state defendants") motion to dismiss official capacity claims (doc. #50), motion to dismiss for insufficiency of process (doc. #52), and motion to dismiss for lack of personal participation (doc. #53). *Pro se* plaintiff Robert Joseph McCarty filed an opposition (doc. #56) and an addendum to his opposition (doc. #58). State defendants then filed replies. (Docs. #60, #61, and #62). Also before the court is plaintiff's motion for partial summary judgment. (Doc. #57). State defendants filed an opposition (doc. #66), to which plaintiff filed a reply (doc. #67).

**I.     Motion to dismiss official capacity claims (doc. #50)**

State defendants' first motion to dismiss asserts that the Eleventh Amendment bars suit in federal court against state employees acting in their official capacities. (Doc. #50). The amended complaint sues state defendants in both their individual and official capacities. (Doc. #7). Therefore, state defendants argue that the official capacity claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Eleventh Amendment. (Doc. #50). In response,

**James C. Mahan**
**U.S. District Judge**

plaintiff argues that there is no Eleventh Amendment immunity for 42 U.S.C. § 1983 claims. (Doc. #56).

The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *see also Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986).

The instant complaint seeks both retroactive and prospective relief from these defendants. (Doc. #7). Specifically, plaintiff requests injunctive relief and compensatory damages in the amount of $650,000.00. (Doc. #7). It is appropriate to dismiss plaintiff's official capacity claims to the extent they seek damages. *See Bair*, 853 F.2d at 675. However, to the extent plaintiff seeks prospective injunctive relief, dismissal is not proper. *Id.*; *see also Shaw*, 788 F.2d at 604.

**II.    Motion to dismiss defendants Charlene Hoerth and Patrick Saunders for insufficiency of process (doc. #52)**

State defendants' second motion to dismiss asserts that defendants Charlene Hoerth and Patrick Saunders should be dismissed in their individual capacity for insufficiency of process. (Doc. #52). On April 4, 2012, the magistrate judge ordered the clerk of the court to issue summons to defendants, and ordered the United States Marshal to effect service on state defendants. (Doc. #31). Defendant directed the marshal to serve Saunders and Hoerth by serving their counsel at the attorney general's office. (Docs. #46 and #47). The docket reflects that service was returned executed as to these defendants on May 8, 2012. (Doc. #46 and #47). State defendants now argue that this service is insufficient because counsel is not authorized to accept service of process on behalf of state defendants sued in their individual capacities. (Doc. #52).

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Nevertheless, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the

complaint." *Id.* (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, actual notice will not provide the court with personal jurisdiction if the plaintiff did not substantially comply with Rule 4. *Id.* *Pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Here, while it appears that plaintiff has not strictly complied with Rule 4, the court is not inclined to dismiss the claims against state defendants in their individual capacities at this time. *See Haines*, 404 U.S. at 520 (holding *pro se* plaintiffs to a less stringent standard). Pursuant to the magistrate judge's April 4, 2012, order, plaintiff may re-attempt service on unserved defendants if the marshal was unable to effect service the first time. (Doc. #31). Thus, the clerk of court shall issue new summons as to defendants Hoerth and Saunders, and deliver same to the marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the marshal the required forms USM-285. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.

While the court declines to dismiss the claims against Hoerth and Saunders in their individual capacities at this time, plaintiff is advised that he is still required to familiarize himself with the Federal Rules of Civil Procedure as well as the local rules of this court. Failure to comply with these rules could warrant future sanctions, including dismissal. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that *pro se* parties are not excused from following the rules and orders of the court).

**III.   Motion to dismiss defendant Catherine Cortez Masto for lack of personal participation (doc. #53)**

State defendants' third motion to dismiss asserts that defendant Catherine Cortez Masto should be dismissed from this lawsuit because she did not participate in plaintiff's classification as a sex offender. (Doc. #53). Thus, state defendants assert that Masto is entitled to immunity from plaintiff's claims.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    "Liability under section 1983 arises only upon a showing of personal participation by the
2    defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To succeed on a § 1983 claim,
3    plaintiff "must prove that the defendants' actions were the cause in fact and the proximate cause of
4    the [plaintiff's] injuries." *Kraft v. Jacka*, 669 F. Supp. 333, 339 (D. Nev. 1987).

5    The first amended complaint asserts that Masto was notified of plaintiff's alleged
6    constitutional deprivations, and then "failed to follow proper procedures resulting in the willful,
7    malicious, and continuous substantive due process rights denial and procedural due process rights
8    of the plaintiff." (Doc. #7).

9    The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v.*
10   *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable
11   inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. Finally, the court interprets *pro se*
12   pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

13   Assuming, *arguendo*, that Masto was aware of the alleged constitutional deprivations and
14   failed to take action, the allegations in the complaint still fail to state a claim upon which relief can
15   be granted. The complaint does not allege any facts demonstrating that Masto participated in or
16   approved plaintiff's placement on the sex offender registry. (Doc. #7). Instead, the complaint
17   alleges that Masto failed to follow procedures to protect plaintiff's rights. (Doc. #7). However,
18   pursuant to Nevada statutes, the attorney general does not have authority to implement Nevada's sex
19   offender registration laws. *See* NRS 179D *et. seq*. Thus, plaintiff has failed to plead a claim upon
20   which relief can be granted, and the complaint further fails to contain "sufficient factual matter . .
21   . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
22   (2009)

23   **IV.   Motion for partial summary judgment (doc. #57)**

24   Finally, plaintiff moved for partial summary judgment. (Doc. #57). In a summary judgment
25   motion, the moving party bears the burden of informing the court of the basis for its motion, together
26   with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v.*
27   *Catrett*, 477 U.S. 317, 323 (1986). "A trial court can only consider admissible evidence in ruling

**James C. Mahan**
**U.S. District Judge**

- 4 -

on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . ." *Id.* (internal citations omitted). Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

In the case at bar, plaintiff has not authenticated the evidence supporting his motion for partial summary judgment. (*See* Doc. #57). Without properly authenticated supporting evidence, the court cannot hear the instant motion for partial summary judgment. *See Orr*, 285 F.3d at 773.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that state defendants' motion to dismiss official capacity claims (doc. #50) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that state defendants' motion to dismiss defendants Charlene Hoerth and Patrick Saunders for insufficiency of process (doc. #52) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that state defendants' motion to dismiss defendant Catherine Cortez Masto for lack of personal participation (doc. #53) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (doc. #57) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk of court shall issue new summons as to defendants Hoerth and Saunders, and deliver same to the marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the marshal the required forms USM-285. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. Failure to comply with this court order could result in sanctions, including dismissal.

DATED July 12, 2012.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE