UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH McCARTY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN V. ROOS, et al.,<br><br>　　　　　　Defendants. | Case No. 2:11-CV-01538-JCM-RJJ<br><br>**ORDER** |

　　　　Presently before the court are state defendants' motion to stay case pending appeal (doc. # 75) and defendants John Roos and Joseph Koen's motion to stay response to amended complaint (doc. # 76).

　　　　On July 12, 2012, this court entered an order denying plaintiff Robert McCarty's motion for partial summary judgment (doc. # 70) and granting in part and denying in part state defendants' motions to dismiss (doc. # 70). Plaintiff filed a notice of appeal on July 18, 2012. (Doc. # 72). State defendants now move for an order staying the case pending appeal arguing that this court was divested of jurisdiction once plaintiff filed his notice of appeal. (Doc. # 75).

　　　　As a general rule, "the filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This transfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order. *Colen v. U.S.*, 368 Fed. Appx. 837, 838 (9th Cir. 2010), *see also Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).

　　　　"Any order or other decision . . . that adjudicates fewer than all the claims or the rights

**James C. Mahan**
**U.S. District Judge**

1  and liabilities of fewer than all the parties does not end the action as to any of the claims or

2  parties and may be revised any time before the entry of a judgment adjudicating all the claims

3  and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

4      Plaintiff filed a notice of appeal on July 18, 2012. However, the order plaintiff attempts to

5  appeal is not appealable. Neither an order for a motion to dismiss nor a motion for partial

6  summary judgment are final orders under Federal Rule of Civil Procedure 54(b).

7      Because the court's July 12, 2012, order was not final, this court must consider whether it

8  may still be appealed prior to a final decision under 28 U.S.C. § 1291. The Supreme Court has

9  explained that appeals may be taken "from a narrow class of decisions that do not terminate the

10  litigation . . . [but] are conclusive, [] resolve important questions completely separate from the

11  merits, and [] would render such important questions effectively unreviewable on appeal from

12  final judgment in the underlying action." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S.

13  863, 867 (1994).

14      The court's July 12, order does not meet the standards identified by the Supreme Court in

15  *Digital Equipment*. The order is conclusive as to the causes of action it addresses, but the

16  questions it resolves go directly to the merits of this case and are intertwined with remaining

17  causes of action. Moreover, proceeding with this litigation until a final judgment is entered

18  would not render any "important questions effectively unreviewable." *Id.*

19      Accordingly,

20      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that state defendants'

21  motion to stay case pending appeal (doc. # 75) be, and the same hereby is, DENIED.

22      IT IS FURTHER ORDERED that defendants Roos and Koen's motion to stay response to

23  amended complaint (doc. # 76) be, and the same hereby is, GRANTED. Defendants Roos and

24  Koen are ordered to respond to plaintiff's amended complaint within 15 days of entry of this

25  order.

26      DATED this 10TH day of August, 2012.

27

28                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**