# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT JOSEPH MCCARTY,

    Plaintiff,

v.

JOHN V. ROOS, et al.,

    Defendants.

2:11-CV-1538 JCM (NJK)

## ORDER

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's motion to amend complaint. (Doc. # 116). Defendants John Roos and Joseph Koen ("federal defendants") responded (doc. # 128), to which defendants Patrick Saunders and Charlene Hoerth ("state defendants") joined (doc. # 129). Plaintiff replied. (Doc. # 130).

**I.    Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of federal practice in

**James C. Mahan**
**U.S. District Judge**

1  the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a
2  motion to amend. LR 15-1(a).

3      Plaintiff wishes to amend his complaint to reassert civil rights claims related to the
4  requirement that he register as a sex offender under the Sex Offender Registration Act ("SORNA")
5  based on a foreign conviction he believes to have been unjustly obtained. The court previously
6  dismissed plaintiff's complaint challenging SORNA without prejudice. Plaintiff has attached his
7  proposed, amended complaint with his motion in compliance with LR 15-1(a).

8      Federal defendants challenge amendment on the basis that amendment is futile. However,
9  the court finds the proposed second amended complaint sufficient to proceed past this preliminary
10  stage. Defendants are free to raise the arguments set forth in their opposition at the motion to dismiss
11  phase.

12      Thus, taking into consideration plaintiff's *pro se* status and the extremely liberal standard
13  propounded by Rule 15, the court finds amendment appropriate.

14      **II.  Conclusion**

15      Accordingly,

16      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Robert
17  Joseph McCarty's motion to amend complaint (doc. # 116) be, and the same hereby is, GRANTED.

18      IT IS FURTHER ORDERED that plaintiff file an amended complaint identical to that
19  attached as exhibit 1 to the motion to amend (doc. # 116, ex. 1) within fourteen (14) days of the entry
20  of this order.

21      IT IS FURTHER ORDERED that plaintiff's motion for sanctions (doc. # 110) be, and the
22  same hereby is, DENIED as moot.[1]

23  . . .
24  . . .

---

[1] Plaintiff sought sanctions against state defendants' counsel for defenses and arguments raised in the state defendants' motion to dismiss. This motion has been decided. The court did not find any sanctionable conduct as demonstrated by its granting of state defendants' motion. Therefore, the motion for sanctions is denied as moot.

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that plaintiff's motion for priority summary disposition (doc. # 79) be, and the same hereby is, DENIED as moot.[2]

IT IS FURTHER ORDERED that federal defendants John Roos and Joseph Koen's motion to extend time to respond to plaintiff's motion for priority summary disposition (doc. # 84) be, and the same hereby is, DENIED as moot.

DATED March 19, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court finds that granting the instant motion moots this prior pending dispositive motion on the first amended complaint. Plaintiff may re-file this motion as it relates to his second amended complaint, at the appropriate stage of litigation, if he so chooses.