1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT JOSEPH MCCARTY,                     )
                                            )
                    Plaintiff(s),           )      Case No. 2:11-cv-01538-JCM-NJK
                                            )
vs.                                         )      ORDER
                                            )
JOHN V. ROOS, et al.,                       )      (Docket Nos. 167, 176, 180, 181)
                                            )
                    Defendant(s).           )
_____ )

       Pending before the Court are two of Defendants' motions to stay this case pending resolution of their motions to dismiss.  Docket Nos. 180, 181.[1]  Plaintiff filed responses in opposition and some Defendants filed a reply.  Docket Nos. 183, 186, 195, 198.  The Court finds this matter properly resolved without oral argument.  *See* Local Rule 78-2.  For the reasons discussed more fully below, the motions to stay are **GRANTED** in part and **DENIED** in part.  In addition, for the reasons discussed below, Plaintiff's motion for summary judgment (Docket No. 167) and for court intervention (Docket No. 176) are hereby **DENIED** without prejudice.

**I.      BACKGROUND**

       Plaintiff, appearing in this action *pro se*, brings claims related to the requirement that he register as a sex offender under the Sex Offender Registration Act ("SORNA") based on a foreign

---

[1] An additional motion to stay was more recently filed, Docket No. 200, which the Court will address through a separate order.

conviction he believes to have been unjustly obtained.  Plaintiff has sued various Defendants from both the government of the State of Nevada ("State Defendants") and the Federal Government ("Federal Defendants").  On March 19, 2013, United States District Judge James C. Mahan granted Plaintiff's request to file a second amended complaint, indicating that Defendants remained free to challenge the sufficiency of the allegations through motions to dismiss.  *See* Docket No. 132 at 2.  Such motions to dismiss were then filed.  Docket Nos. 136, 156, 193.  Those motions to dismiss are pending.

## II.     ANALYSIS

The Court has broad discretion in managing its docket.  *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  In exercising that discretion, the Court is guided by the goals of securing the just, speedy and inexpensive resolution of actions.  *See* Fed. R. Civ. P. 1.

In light of the pendency of the motions to dismiss, Defendants seek entry of a stay of several of Plaintiff's pending motions.  First, Defendants seek a stay of Plaintiff's motion for summary judgment.  Plaintiff's motion for summary judgment seeks "priority consideration" of that motion pursuant to 28 U.S.C. § 1657.[2]  The Act identifies certain civil actions (including *habeas corpus* actions) as meriting swift resolution, but it also "grants a court wide discretion to manage its docket."  *Freedom Comms. Inc. v. F.D.I.C.*, 157 F.R.D. 485, 486 (C.D. Cal. 1994).  Where a civil action falls within the Act and merits rapid consideration, it does not necessarily follow that it will be decided immediately.  Instead, the Court generally follows the same course of litigation as in other cases but is mindful of the need to resolve the case expeditiously.  *See id.* at 487.  Assuming

---

[2]  Plaintiff previously filed a "motion for priority summary disposition," citing to § 1657.  Docket No. 79.  In light of changes to the operative pleadings, Judge Mahan denied that motion as moot.  *See* Docket No. 132 at 3.  Judge Mahan further indicated that Plaintiff could re-file the motion "as it relates to the second amended complaint, at the appropriate stage of litigation, if he so chooses."  *Id.* at 3 n.2.

1   this case falls within the scope of § 1657,[3] the Court finds that the most expeditious and efficient

2   manner for adjudicating Plaintiff's claims is to first resolve the pending motions to dismiss.  Once

3   the motions to dismiss are resolved, the parties can submit proposed plans for an appropriate

4   discovery period and a time-frame for filing motions for summary judgment.  To that end, once the

5   pending motions to dismiss are decided, to the extent Plaintiff's claims survive, the parties shall

6   submit a stipulated proposed discovery plan within 14 days therefrom outlining deadlines for any

7   discovery that needs to be conducted, as well as a deadline for filing motions for summary

8   judgment.  In the interim, however, the Court finds Plaintiff's motion for summary judgment to be

9   premature and **GRANTS** the motions to stay as they relate to that motion.

10       Defendants also seek a stay of Plaintiff's motion for "court intervention."  Although not

11   entirely clear, it appears that this motion seeks the scheduling of a settlement conference, and the

12   Court so construes it.[4]  The Court generally does not grant motions for settlement conferences that

13   are opposed.  In light of Defendants' request to stay the deadline for responding to this motion, *see,*

14   *e.g.*, Docket No. 181 at 3, it appears that they do not believe a settlement conference would be

15   fruitful at this time.  Accordingly, Plaintiff's motion for a settlement conference (Docket No. 176) is

16   **DENIED** without prejudice and the motions to stay the response to this motion are **DENIED** as

17   moot.  The parties are free to file a stipulation requesting a settlement conference at such time as

18   they believe it may be fruitful.

19       The newly-served State Defendants also seek a stay of their deadline to respond to the

20   _____

21       [3] Plaintiff's motion for summary judgment cites to, *inter alia*, 28 U.S.C. § 2255.  *See* Docket
22   No. 197.  Although the Court makes no ruling on the merits of the motion herein, it is not clear that the
    relief sought is properly granted through a motion for *habeas corpus*.  *See, e.g.*, *McNab v. Kok*, 170 F.3d
23   1246, 1247 (9th Cir. 1999) (holding that a § 2254 petitioner challenging Oregon's sex-offender
    registration law did not meet the "in custody" requirement because the law did not impose a significant
24   restraint on the petitioner's liberty); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same
    for California); *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (same for Washington).
25   For purposes of this order, however, the Court assumes *habeas* relief is properly available to Plaintiff
    here and Section 1657 applies.
26

27       [4] The Court construes the motion for court intervention (Docket No. 176) as a motion for a
    settlement conference, because it refers to "alternative dispute resolution" and cites to the bankruptcy
28   local rule related to settlement conferences (Local Rule 9019).

Second Amended Complaint.  *See* Docket No. 181 at 3.  That request is **DENIED**.  According to the papers, these State Defendants' responsive pleading deadline was September 13, 2013. *Id.*  The Court **ORDERS** that their responsive pleadings be filed no later than October 4, 2013.

### III.     CONCLUSION

For the reasons discussed above, Defendants' motions to stay are **GRANTED** in part and **DENIED** in part.  In particular, the Court hereby rules as follows:

- Defendants' motions to stay are **GRANTED** with respect to Plaintiff's motion for summary judgment.  As a result, the Court has consulted with United States District Judge Mahan and the motion for summary judgment (Docket No. 167) is hereby **DENIED** without prejudice.

- The Court construes Plaintiff's motion for court intervention as a motion for a settlement conference.  Because it appears Defendants do not agree that a settlement conference would be fruitful at this time, the motion for a settlement conference (Docket No. 176) is hereby **DENIED** without prejudice.   As a result, Defendants' motions to stay as they relate to this motion are hereby **DENIED** as moot.

- The newly-served State Defendants' motion to stay the deadline to respond to the Second Amended Complaint is hereby **DENIED**.  The Court **ORDERS** that their responsive pleadings be filed no later than October 4, 2013.

- To the extent Plaintiff's claims survive, the parties are **ORDERED** to submit proposed discovery plans within 14 days after the motions to dismiss are decided.

IT IS SO ORDERED.

DATED: September 27, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

4