UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:11-cv-01538-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOHN V. ROOS, et al., ) | (Docket Nos. 184, 197, 200, 214) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is the Federal Defendants' motion to stay certain aspects of this case pending resolution of their motions to dismiss. Docket No. 200. In particular, the Federal Defendants seek a stay of their response deadline for Plaintiff's cross motion for judgment as a matter of law (Docket No. 184) and Plaintiff's motion for habeas relief (Docket No. 197).[1] Plaintiff filed a response in opposition. Docket Nos. 212, 215.[2] The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED**.

---

[1] The motion also sought relief with respect to Plaintiff's joinder motion (Docket No. 196). Because the Court has already denied Plaintiff's motion, it has also already denied as moot the request to stay the deadline for the Federal Defendants to respond to it. *See* Docket No. 207 at 1 n.1.

[2] The Federal Defendants requested an extension to their reply deadline in light of the expiration of the appropriations to the Department of Justice. *See* Docket No. 214. In light of the Court's ruling herein, that motion for an extension is **DENIED** as moot.

## I. BACKGROUND

Plaintiff, appearing in this action *pro se*, brings claims related to the requirement that he register as a sex offender under the Sex Offender Registration Act ("SORNA") based on a foreign conviction he believes to have been unjustly obtained. Plaintiff has sued various Defendants from both the government of the State of Nevada ("State Defendants") and the Federal Government ("Federal Defendants"). On March 19, 2013, United States District Judge James C. Mahan granted Plaintiff's request to file a second amended complaint, indicating that Defendants remained free to challenge the sufficiency of the allegations through motions to dismiss. *See* Docket No. 132 at 2 State Defendants Hoerth, Masto and Saunders filed a motion to dismiss. Docket No. 136. The Federal Defendants filed motions to dismiss challenging Plaintiff's claims against the Federal Defendants in both their individual and official capacities. Docket Nos. 156, 193. Those motions to dismiss are pending.

## II. ANALYSIS

The Court has broad discretion in managing its docket. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In exercising that discretion, the Court is guided by the goals of securing the just, speedy and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

Defendants seek entry of a stay of Plaintiff's motion for judgment and motion for habeas relief. As noted above, there are several pending motions to dismiss that have not yet been resolved. These motions address threshold issues, such as the sufficiency of Plaintiff's allegations to state a claim for relief, personal jurisdiction, service, and qualified immunity. *See* Docket Nos. 156, 193. For the same reasons articulated in Docket No. 209, the Court finds that the pending motions to dismiss should be decided before Plaintiff's motions for judgment and for habeas relief. To that end, the motion to stay the response deadlines is hereby **GRANTED**.

## III. CONCLUSION

For the reasons discussed above, the Federal Defendants' motion to stay is **GRANTED**. In particular, the Court hereby rules as follows:

1 • The motion to stay (Docket No. 200) is **GRANTED** with respect to Plaintiff's cross
2 motion for judgment as a matter of law (Docket No. 184) and Plaintiff's motion for
3 habeas relief (Docket No. 197). As a result, the Court has consulted with United
4 States District Judge Mahan and Plaintiff's cross motion for judgment as a matter of
5 law (Docket No. 184) and Plaintiff's motion for habeas relief (Docket No. 197) are
6 hereby **DENIED** without prejudice.
7 • The Federal Defendants' motion to continue their reply deadline for the pending
8 motion to stay (Docket No. 214) is hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: October 4, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge