1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT JOSEPH MCCARTY,

          Plaintiff,

v.

JOHN V. ROOS, et al.,

          Defendants.

2:11-CV-1538 JCM (NJK)

**ORDER**

    Presently before the court is defendants U.S. Department of State, U.S. Department of Justice, Hillary Clinton, John Roos, Joseph Koen, Stuart Delery, Vincent Garvey and Lynn Lee's ("federal defendants") motion to dismiss official capacity claims (doc. # 156). *Pro se* plaintiff Robert Joseph McCarty filed an opposition (doc. # 159), and federal defendants filed a reply (doc. # 162).

    In this case, plaintiff Robert Joseph McCarty asserts numerous claims against federal defendants based on his registration as a tier-one sex offender in Nevada. Plaintiff argues that he was denied due process when he was convicted of a sex crime in Japan, and thus that it violates several of his constitutional rights to require him to register as a sex offender in the United States. Plaintiff requests relief in the form of $850,000 as well as the expunction of all records that identify him as a convicted felon and a sex offender.

    On December 7, 2012, the court issued an order dismissing all claims against federal defendants, but gave leave for plaintiff to amend his complaint. (Doc. # 112). In this order the court stated, "if the second amended complaint is similarly deficient, the court may conclude that further

**James C. Mahan**
**U.S. District Judge**

1   leave to amend would be futile." *Id.* Subsequently, plaintiff filed an amended complaint that raises

2   claims that are strikingly similar to the claims in his prior complaint, but now adds that federal

3   defendants' actions violate more constitutional provisions than he had first alleged.

4   **I.      Legal standard**

5           A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

6   be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

7   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

8   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

9   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

10  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

11          "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

12  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

13  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

14          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

15  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

16  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.

17  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

18  suffice. *Id.* at 1949.

19          Second, the court must consider whether the factual allegations in the complaint allege a

20  plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

21  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

22  alleged misconduct. *Id.* at 1949.

23          Where the complaint does not permit the court to infer more than the mere possibility of

24  misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*

25  (internal quotations omitted). When the allegations in a complaint have not crossed the line from

26  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

2   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

3   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

4   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

5   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

6   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

7   be subjected to the expense of discovery and continued litigation." *Id.*

8   **IV.   Discussion**

9        As an initial matter, the court acknowledges that the amended complaint and opposition to

10  the instant motion are *pro se*, which are held to less stringent standards. *Erickson v. Pardus*, 551 U.S.

11  89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

12  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

13  lawyers.") (internal quotations and citations omitted).

14       Plaintiff's second amended complaint attacks the constitutionality of the Sex Offender

15  Registration Notification Act's ("SORNA") foreign conviction provision as applied in this case well

16  as the alleged conduct of federal defendants in relation to the enforcement of this provision.

17  Specifically, plaintiff alleges that this provision violates plaintiff's procedural and substantive due

18  process rights as well as his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth

19  Amendments to the United States Constitution.

20       **a. Procedural Due Process**

21       In evaluating procedural due process, the Ninth Circuit has outlined a two-step inquiry: "The

22  first asks whether there exists a liberty or property interest which has been interfered with by the

23  [s]tate; the second examines whether the procedures attendant upon that deprivation were

24  constitutionally sufficient." *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012) *cert.*

25  *denied*, 133 S. Ct. 234 (U.S. 2012) (citation omitted).

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    In this instance, the court need not determine whether the limitations placed on plaintiff as

2  a tier-one sex offender constitute interference with a liberty or property interest, because the law is

3  clear that the procedures that federal defendants followed were constitutionally sufficient.

4    Ninth Circuit precedent clearly holds that, with regard to sex offender registry requirements,

5  the fact that an individual has already been convicted in a procedurally safeguarded proceeding is

6  sufficient to conform with the requirements of due process. *Juvenile Male*, 670 F.3d at 1014.

7    SORNA specifically contains safeguards for individuals convicted of sex crimes in foreign

8  countries. For countries that are not specifically recognized as having judicial systems equivalent to

9  the United States', officials are recommended to refer to the U.S. Department of State's annual

10  country report on human rights for the year the conviction was obtained to determine if an offender

11  received fundamental fairness and due process.

12    In reference to the instant case, the Japanese government was deemed to have generally

13  respected the human rights of its citizens at the time of plaintiff's conviction. The Japanese system

14  generally provided an independent judiciary, a presumption of innocence, the right to cross-

15  examination and the right not to be compelled to testify against oneself.

16    Therefore, because the United States recognizes that convictions issued in Japan adhered to

17  constitutional due process requirements, and because plaintiff does not dispute that he was convicted

18  of a sex crime in Japan, plaintiff does not put forward a sufficient claim that his procedural due

19  process rights were violated by federal defendants.

20    **b. Substantive due process**

21    For a substantive due process claim, the Supreme Court has described the "fundamental"

22  rights protected by substantive due process as "those personal activities and decisions that this Court

23  has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of

24  constitutionally ordered liberty, that they are protected by the Fourteenth Amendment." *Juvenile*

25  *Male*, 670 F.3d at 1012 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997)). "Those

26  rights are few, and include the right to marry, to have children, to direct the education and upbringing

27

28

James C. Mahan
U.S. District Judge

- 4 -

1  of one's children, to marital privacy, to use contraception, to bodily integrity, to abortion, and to

2  refuse unwanted lifesaving medical treatment." *Id.*

3        Further, a plaintiff must provide "a careful description of the asserted fundamental liberty

4  interest," *Glucksberg*, 521 U.S. at 721, or "a narrow definition of the interest at stake," *Raich v.*

5  *Gonzalez*, 500 F.3d 850, 863, (9th Cir. 2007) (citing *Glucksberg*, 521 U.S. at 722). Lastly, the Ninth

6  Circuit has stated that "individuals convicted of serious sex offenses do not have a fundamental right

7  to be free from sex offender registration requirements." *Juvenile Male*, 670 F.3d at 1012 (citing *Doe*

8  *v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004)).

9        Plaintiff does not allege violation of any of the fundamental rights identified by the Supreme

10  Court. Further, plaintiff has failed to provide a "careful description of the asserted fundamental

11  liberty interest." *See Glucksberg*, 521 U.S. at 721. Thus, the court need not consider whether this

12  unidentified right is "deeply rooted in our history and traditions . . . ." *Juvenile Male*, 670 F.3d at

13  1012. Therefore, the court finds that plaintiff's second amended complaint fails to state a claim for

14  a violation of substantive due process.

15        **c. Equal protection**

16        In his complaint, plaintiff argues that he has a constitutional right "**not** to be treated

17  differently than other registrants on a sex offender registry who were all provided full United States

18  [c]onstitutional [d]ue [p]rocess and equally, if they were convicted in a foreign court, all the rights

19  included in those foreign courts, to include but not limited to the rights, equivalent to United States

20  [d]ue [p]rocess [r]ights." (Doc. # 133 p. 9) (emphasis in original).

21        Plaintiff has not clearly identified how SORNA treats him differently from sex offenders who

22  were convicted under the U.S. criminal justice system (or systems that grant criminal defendants the

23  same rights and privileges as the U.S.). Nor has plaintiff shown a discriminatory purpose behind any

24  supposedly disparate treatment of subjects of foreign convictions. *See Iqbal*, 556 U.S. at 676-77

25  (purposeful discrimination "requires a decisionmaker's undertaking a course because of, not merely

26  in spite of, the action's adverse effects upon an identifiable group") (citations and internal quotation

27  marks omitted).

28

James C. Mahan
U.S. District Judge

- 5 -

1    Indeed, it seems that SORNA's statutory scheme treats all individuals convicted of sexual

2    offenses, both in domestic and foreign courts, in precisely the same way. A conviction for a sex

3    offense is sufficient to warrant that an individual register as a sex offender regardless of the country

4    that issued the conviction, as long as that country is recognized as respecting due process. Therefore,

5    plaintiff does not state a sufficient claim for a violation of the Equal Protection Clause.

6        **d. Retaliation**

7    Plaintiff alleges a vast conspiracy between federal defendants that included deliberate

8    attempts to "cover up" the alleged injustices he suffered under the Japanese system. He asserts that

9    defendants Roos and Koen, together with then-Secretary of State Clinton, various other State

10   Department employees and current and former Department of Justice counsel in this case, including

11   the attorneys who previously represented the United States and defendants Roos and Koen in their

12   official capacity, conspired to "make [plaintiff] illegally register as a sex offender" and, relatedly,

13   to conceal, suppress, and otherwise "cover up" evidence of plaintiff's alleged abuse and ill treatment

14   by the Japanese justice system. (Doc. # 133 pp. 33-35, 37-38).

15   He also asserts that federal defendants acted out of "invidiously discriminatory animus" and

16   in retaliation for plaintiff's exercise of his First Amendment rights. *See id*. Plaintiff fails to establish

17   any plausible claim to relief.

18   With respect to the first charge, plaintiff has failed to show that his having to register under

19   SORNA was "illegal," or that any of the federal defendants had a duty to ensure that he would not

20   have to register as a sex offender. Nor has he shown that any of the federal defendants were

21   personally responsible for SORNA's alleged violation of his constitutional rights.

22   To the extent that plaintiff is attempting to assert a claim of First Amendment retaliation for

23   his writing letters to "Congress, [m]edia, and [h]uman [r]ights [g]roups," such a claim fails. Plaintiff

24   has not alleged a basis for retaliatory action, and he does not assert a clear deprivation of a benefit

25   or a punitive act such as a prosecution, arrest, or adverse employment action. *See Hartman v. Moore*,

26   547 U.S. 250, 256 (2006).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    In addition, plaintiff cannot show that but for federal defendants' alleged animus he would

2    not have had to register–given that the law, independent of the defendants' particular actions, clearly

3    required him to register. *See id.* at 260; *see also Lacey v. Maricopa Cnty*, 693 F.3d 896, 917 (9th Cir.

4    2012). To the extent that plaintiff's alleges "invidiously discriminatory animus" to frame an equal

5    protection claim against federal defendants, plaintiff does not explain how he was treated differently

6    from other similarly situated people, or indeed who these similarly situated people even are.

7    Plaintiff has not pled facts sufficient to show that by allegedly forcing him to register, federal

8    defendants were acting out of a discriminatory purpose rather than the legitimate public interest of

9    protecting society from sex offenders. *See Iqbal*, 556 U.S. at 683 (finding complaint "does not

10   contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of

11   mind.").

12   **e. Other rights**

13   Finally, plaintiff contends that federal defendants violated several of his civil rights, including

14   the right to live and assemble on specific properties, the right to petition the government for a redress

15   of grievances, the right to bear arms, the right to be secure in one's person, the right to trial by an

16   impartial jury, the right not to be put twice in jeopardy, the right to vote, the right that cruel and

17   unusual punishment not be inflicted, the right that no person be held to answer for infamous crime

18   (sex offender) without legal safeguards, and the right that no capriciously imposed limits be set on

19   his employment, housing, and other aspects of his life. (Doc. # 133 p. 35-36).

20   The court previously held in its prior dismissal order that plaintiff failed to state a claim

21   based upon these contentions. Plaintiff merely reasserts these civil rights claims in his second

22   amended complaint and fails to cure any of the deficiencies identified by the court. Thus, the court's

23   holding and findings as to these claims remain. As to "rights that are implicated by the criminal

24   justice system, such as double jeopardy and cruel and unusual punishment, SORNA cannot violate

25   these rights because it is a civil regulatory scheme." *Id*. at 10 (citing *Juvenile Male*, 670 F.3d at

26   1013-14).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

The court previously held that plaintiff "does not provide a sufficient factual basis to determine how SORNA's registration requirements" violate plaintiff's right to petition for redress of grievances, the right to bear arms, and the right to vote. *Id*. at 10-11. As to plaintiff's contention that he had a right to a jury trial, the court held that "plaintiff fails to explain how SORNA confers or deprives this right or why he was entitled to a jury trial in Japan." *Id*. at 11. Finally, the court held in its prior dismissal order that "plaintiff does not explain how SORNA's requirement to report certain information associated with travel places an unconstitutional burden on his right to travel." *Id.* Plaintiff fails to correct for any of these deficiencies his second amended complaint, and therefore these claims will similarly be dismissed.

**f. Claims for damages**

Sovereign immunity shields the federal government from suit, including suits against federal officials in their official capacities, in the absence of a waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). To the extent that plaintiff seeks damages against the United States pursuant to 42 U.S.C. § 1983, that statute only creates a cause of action against persons acting under color of state law. *See Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981).

To the extent that plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), it is well established that *Bivens* actions can only be brought against federal employees in their individual capacities. *Correct. Svcs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *see also Meyer*, 510 U.S. at 484-86 (declining to extend *Bivens* to federal agencies). Therefore, neither § 1983 claims nor *Bivens* claims can lie against defendants in their official capacities because they are barred by sovereign immunity.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that federal defendants' motion to dismiss official capacity claims (doc. # 156) be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

1    It is further ordered that plaintiff's claims against defendants U.S. Department of State, U.S.

2 Department of Justice, Hillary Clinton, John Roos, Joseph Koen, Stuart Delery, Vincent Garvey and

3 Lynn Lee in their official capacities are DISMISSED WITH PREJUDICE.

4    DATED February 10, 2014.

5

6

           **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 9 -