UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN V. ROOS, et al.,<br><br>　　　　Defendants. | 2:11-CV-1538 JCM (NJK) |

**ORDER**

Presently before the court is defendants Charlene Hoerth, Patrick Saunders, and Catherine Cortez Masto's ("state defendants") motion to dismiss (doc. # 136). *Pro se* plaintiff Robert Joseph McCarty filed an opposition (doc. # 158), and state defendants filed a reply (doc. # 166).

In this case, plaintiff Robert Joseph McCarty asserts numerous claims against state defendants based on his registration as a tier 1 sex offender in Nevada. Plaintiff argues that he was denied due process when he was convicted of a sex crime in Japan, and thus that it violates several of his constitutional rights to require him to register as a sex offender in the United States. Plaintiff requests relief in the form of $850,000 as well as the expunction of all records that identify him as a convicted felon and a sex offender. Plaintiff asserts these claims against state defendants in their official and individual capacities.

**I.　Dismissal of official capacity claims**

State defendants assert that the Eleventh Amendment bars suit in federal court against state employees acting in their official capacities. (Doc. # 136). Therefore, state defendants argue that the

**James C. Mahan**
**U.S. District Judge**

1    official capacity claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and
2    the Eleventh Amendment. (Doc. # 136). In response, plaintiff argues that there is no Eleventh
3    Amendment immunity for 42 U.S.C. § 1983 claims. (Doc. # 158).

4    The Eleventh Amendment "bars actions against state officers sued in their official capacities
5    for past alleged misconduct involving a complainant's federally protected rights, where the nature
6    of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction."
7    *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *see also Shaw v. State of California Dept. of*
8    *Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986).

9    The instant complaint seeks both retroactive and prospective relief from these defendants.
10   (Doc. # 133). Specifically, plaintiff requests injunctive relief and compensatory damages in the
11   amount of $850,000.00. (Doc. # 133). It is appropriate to dismiss plaintiff's official capacity claims
12   to the extent they seek damages. *See Bair*, 853 F.2d at 675. However, to the extent plaintiff seeks
13   prospective injunctive relief, dismissal is not proper. *Id.*; *see also Shaw*, 788 F.2d at 604.

14   **II.   Dismissal of individual capacity claims**

15   State defendants assert that the claims against them in their individual capacities must be
16   dismissed pursuant to the doctrine of qualified immunity. (Doc. # 136). The defense of qualified
17   immunity protects "government officials performing discretionary functions . . . from liability for
18   civil damages insofar as their conduct does not violate clearly established statutory or constitutional
19   rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818
20   (1982). "The principles of qualified immunity shield an officer from personal liability when an
21   officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555
22   U.S. 223, 244 (2009).

23   Nev. Rev. Stat. § 179D.460 requires sex offenders convicted of a sexual offense as defined
24   by Nev. Rev. Stat. § 179D.097 to register with local law enforcement agencies and the division
25   within forty-eight hours after arriving or establishing residence in Nevada. Under Nev. Rev. Stat. §
26   179D.097(s), a sexual offense committed in another jurisdiction requires registration in Nevada.
27   Based on the plain meaning of Nev. Rev. Stat. § 179D.097(s), plaintiff was required to register
28

**James C. Mahan**
**U.S. District Judge**

1 because of his conviction in Japan of a sexual offense.

2 Furthermore, the Sex Offender Registration and Notification Act contains safeguards for individuals convicted of sex crimes in foreign countries. For countries that are not specifically recognized as having judicial systems equivalent to the United States', officials are recommended to refer to the U.S. Department of State's annual country report on human rights for the year the conviction was obtained to determine if an offender received fundamental fairness and due process.

Applying the federal guidelines to this case reveals that Japan provided sufficient due process guarantees. The Japanese government was deemed to have generally respected the human rights of its citizens at the time of plaintiff's conviction. The Japanese system generally provided an independent judiciary, a presumption of innocence, the right to cross-examination and the right not to be compelled to testify against oneself.

Because state defendants were merely applying the procedures specifically laid out in Nevada law, the court finds that they reasonably believed that their conduct did not violate plaintiff's constitutional rights. Accordingly, the claims against state defendants in their individual capacities will be dismissed.

### III. Dismissal of defendant Catherine Cortez Masto for lack of personal participation

State defendants also assert that defendant Attorney General Catherine Cortez Masto should be dismissed from this lawsuit because she did not participate in plaintiff's classification as a sex offender. (Doc. # 136). Thus, state defendants assert that Masto is entitled to immunity from plaintiff's claims.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To succeed on a § 1983 claim, plaintiff "must prove that the defendants' actions were the cause in fact and the proximate cause of the [plaintiff's] injuries." *Kraft v. Jacka*, 669 F. Supp. 333, 339 (D. Nev. 1987).

The complaint asserts that Masto conspired to use unauthenticated Japanese court documents to make plaintiff illegally register as a sex offender upon return to the United States from Japan. (Doc. # 133).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   In order to withstand a motion to dismiss, a claim must be alleged with "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

In this instance, plaintiff's claims against defendant Masto fail to meet the standard of plausibility. Plaintiff fails to provide particularized allegations as to how defendant Masto and others "conspired to deny [plaintiff[ his civil rights" other than to say that they agreed to "cover up" the state of the Japanese justice system either in person or telephonically. Even liberally construing *pro se* plaintiff's complaint, the claims against defendant Masto amount to nothing more than conclusory allegations.

Furthermore, a cursory review of Nevada's statutes reveals that Nevada's attorney general is not charged with the implementation of any of the sex offender registration laws. *See* Nev. Rev. Stat. § 179D, *et seq*. The attorney general's jurisdiction is limited to all state matters arising in the executive department of the state government. *See* Nev. Rev. Stat. § 228.110.

Therefore, because defendant's claims against defendant Masto do not meet the standard of plausibility, defendant Masto will be dismissed from this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that state defendants' motion to dismiss (doc. # 136) be, and the same hereby is, GRANTED in part and DENIED in part pursuant to the forgoing.

DATED February 11, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -