**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN V. ROOS, et al.,<br><br>  Defendants. | 2:11-CV-1538 JCM (NJK) |

**ORDER**

Presently before the court is a motion to dismiss individual capacity claims filed by defendants Hillary Clinton, John Roos, Joseph Koen, Stuart Delery, Vincent Garvey and Lynn Lee ("federal defendants"). (Doc. # 193). *Pro se* plaintiff Robert Joseph McCarty filed a response in opposition. (Doc. # 202).

Also before the court is plaintiff's motion to strike an untimely filing by federal defendants. (Doc. # 237). However, the court need not consider federal defendants' late reply in disposing of the instant motion, so plaintiff's motion to strike will be denied as moot.

In this case, plaintiff Robert Joseph McCarty asserts numerous claims against federal defendants based on his registration as a tier-one sex offender in Nevada. Plaintiff argues that he was denied due process when he was convicted of a sex crime in Japan, and thus that it violates several of his constitutional rights to require him to register as a sex offender in the United States. Plaintiff requests relief in the form of $850,000 as well as the expunction of all records that identify him as a convicted felon and a sex offender.

**James C. Mahan**
**U.S. District Judge**

1    On December 7, 2012, the court issued an order dismissing all claims against federal defendants, but gave leave for plaintiff to amend his complaint. (Doc. # 112). In this order the court stated, "if the second amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile." *Id.* Subsequently, plaintiff filed an amended complaint that raises claims that are strikingly similar to the claims in his prior complaint, but now adds that federal defendants' actions violate more constitutional provisions than he had first alleged.

On February 10, 2014, the court issued an order dismissing the second amended complaint as to federal defendants in their official capacities, as it failed to sufficiently allege that any of plaintiff's constitutional rights were violated. (Doc. # 234). Federal defendants now request that the court similarly dismiss the claims against them in their individual capacities. (Doc. # 193).

**I.    Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## II. Discussion

As an initial matter, the court acknowledges that the amended complaint and opposition to the instant motion are *pro se*, and therefore must be held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

Plaintiff's second amended complaint attacks the constitutionality of the Sex Offender Registration Notification Act's ("SORNA") foreign conviction provision as applied in this case as well as the alleged conduct of federal defendants in relation to the enforcement of this provision. Specifically, plaintiff alleges that this provision violates plaintiff's procedural and substantive due process rights as well as his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

**James C. Mahan**
**U.S. District Judge**

- 3 -

In its order dismissing plaintiff's claims against federal defendants in their official capacities, the court individually analyzed the claims and concluded that none of them sufficiently alleged a constitutional violation. (Doc. # 234). The court also stated that because plaintiff had twice been given leave to amend and still failed to put forward cognizable claims, dismissal with prejudice was appropriate. *Id.*

Federal defendants argue that plaintiff's claims are barred under the doctrine of qualified immunity. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson* v. *Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow* v. *Fitzgerald,* 457 U.S. 800, 818 (1982)).

Because plaintiff has failed to allege that any of his constitutional rights were violated, he falls far short of claiming that there was an infringement upon a *clearly established* constitutional right. Therefore, plaintiff's claims in this matter are barred under the doctrine of qualified immunity. Because plaintiff has been given leave to amend twice by this court and still has been unable to state a cognizable claim, the court will dismiss the claims against federal defendants with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that federal defendants' motion to dismiss individual capacity claims (doc. # 193) be, and the same hereby is, GRANTED.

It is further ordered that plaintiff's claims against defendants Hillary Clinton, John Roos, Joseph Koen, Stuart Delery, Vincent Garvey and Lynn Lee are DISMISSED WITH PREJUDICE.

It is further ordered that plaintiff's motion to strike (doc. # 237) is DENIED as moot.

DATED April 8, 2014.

                                                                            /s/ James C. Mahan
                                                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**