UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT JOSEPH MCCARTY,

    Plaintiff,

v.

JOHN V. ROOS, et al.,

    Defendants.

2:11-CV-1538 JCM (NJK)

**ORDER**

Presently before the court is a motion to dismiss for improper service and lack of personal involvement filed by defendants Nevada Department of Public Safety, Office of the Nevada Attorney General, Chris Perry, Roger Madsen, and Kimberly Buchanan ("state defendants"). (Doc. # 221). *Pro se* plaintiff Robert Joseph McCarty filed a response in opposition (doc. # 223), and state defendants filed a reply (doc. # 227).

In this case, plaintiff Robert Joseph McCarty asserts numerous claims against state defendants based on his registration as a tier 1 sex offender in Nevada. Plaintiff argues that he was denied due process when he was convicted of a sex crime in Japan, and thus it violates several of his constitutional rights to require him to register as a sex offender in the United States. Plaintiff requests relief in the form of $850,000 as well as the expunction of all records that identify him as a convicted felon and a sex offender. Plaintiff asserts these claims pursuant to 42 U.S.C. § 1983 against state defendants in their official and individual capacities.

. . .

**James C. Mahan**
**U.S. District Judge**

### I. Improper Service

State defendants argue that all claims against them should be dismissed without prejudice for lack of proper service. State defendants claim that the Nevada Department of Public Safety, the Office of the Nevada Attorney General, Roger Madsen, and Kimberly Buchanan were not properly served until 34 days after the expiration of the 120 day deadline. Further, they assert that defendant Chris Perry has never received proper service of process.

In response, plaintiff argues that the delay in proper service was the fault of the U.S. marshals who were designated to effectuate service due to plaintiff's *in forma pauperis* status.

Without placing blame on any party in this matter, the court notes that plaintiff has diligently attempted to adhere to the formalities of the legal process and is to be given leniency in light of his status as a *pro se* litigant. For this reason, and in consideration of the court's inclination to consider claims on their merits, the court finds that the plaintiff had good cause for late service upon the Nevada Department of Public Safety, the Office of the Nevada Attorney General, Roger Madsen, and Kimberly Buchanan. *See* Fed. R. Civ. P. 4(m).

However, because defendant Chris Perry never received proper service, the court finds it appropriate to dismiss all claims against him without prejudice.

### II. Lack of Personal Involvement

As an initial matter, plaintiff's claims against the Nevada Department of Public Safety and Office of the Nevada Attorney General will be dismissed, as these entities are not persons and thus cannot be sued under § 1983. *See Will v. Michigan, Dept. of State Police*, 491 U.S. 58, 65-66 (1989).

State defendants argue that they should be dismissed for lack of personal participation in plaintiff's classification as a sex offender. (Doc. # 221). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To succeed on a § 1983 claim, plaintiff "must prove that the defendants' actions were the cause in fact and the proximate cause of the [plaintiff's] injuries." *Kraft v. Jacka*, 669 F. Supp. 333, 339 (D. Nev. 1987).

. . .

**James C. Mahan
U.S. District Judge**

- 2 -

1  The complaint asserts that state defendants conspired to use unauthenticated Japanese court documents to illegally make plaintiff register as a sex offender upon returning to the United States from Japan. (Doc. # 221).

2  In order to withstand a motion to dismiss, a claim must be alleged with "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

3  Plaintiff's individual capacity claims against state defendants fail to meet the standard of plausibility. Plaintiff fails to provide particularized allegations as to how these defendants "conspired to deny [plaintiff] his civil rights" other than to say that they agreed to "cover up" the state of the Japanese justice system either in person or telephonically. Even liberally construing *pro se* plaintiff's complaint, the claims against state defendants amount to nothing more than conclusory allegations.

4  Furthermore, a cursory review of Nevada's statutes reveals that the attorney general's office is not charged with the implementation of any of the sex offender registration laws. *See* Nev. Rev. Stat. § 179D, *et seq*. The attorney general's jurisdiction is limited to all state matters arising in the executive department of the state government. *See* Nev. Rev. Stat. § 228.110. Therefore it is entirely implausible that defendants Madsen and Buchanan, who are both employees of the Office of the Nevada Attorney General, took part in the alleged violations.

5  Thus, the claims against defendants Madsen and Buchanan will be dismissed. Because plaintiff has been given leave to amend twice by this court and still has been unable to state cognizable claims, the court will dismiss these claims with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that state defendants' motion to dismiss (doc. # 221) be, and the same hereby is, GRANTED.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that plaintiff's claims against defendant Chris Perry are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's claims against defendants Nevada Department of Public Safety, Office of the Nevada Attorney General, Roger Madsen, and Kimberly Buchanan are DISMISSED WITH PREJUDICE.

DATED April 8, 2014.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**