# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN V. ROOS, et al.,<br><br>  Defendants. | 2:11-CV-1538 JCM (NJK) |

**ORDER**

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's motion for default judgment. (Doc. # 243).

Plaintiff requests that judgment be entered in his favor due to the fact that "defendants have flooded this court with a blizzard of paper is to needlessly burden (not to mention confuse) this pro se plaintiff and the court. Defendants continue to flood this court with boilerplate filings thus de jure repudiating the Federal Rules of Civil Procedure at Rule 1 . . . ." (Doc. # 243 p. 2).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the

**James C. Mahan**
**U.S. District Judge**

opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See, e.g.*, *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Plaintiff has not properly complied with rule 55. Plaintiff's motion, instead of pointing to a failure to file an answer or response, puts forward observations relating to the merits of plaintiff's causes of action and argues that defendants' responses have been analytically insufficient. However, even if plaintiff's claims regarding the shortcomings of defendants' responses are correct, a motion for default judgment is not a proper vehicle for the court to award judgment when there has been no failure to file an answer or response. Thus, plaintiff's motion will be denied as procedurally improper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Robert Joseph McCarty's motion for default judgment (doc. # 243) be, and at the same time hereby is, DENIED.

DATED April 8, 2014.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -