# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN V. ROOS, et al.,<br><br>　　　　　Defendants. | 2:11-CV-1538 JCM (NJK) |

**ORDER**

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's motion for a preliminary injunction. (Doc. # 231). Defendants filed a response in opposition (doc. # 232), and plaintiff filed a reply (doc. # 233).

In this case, plaintiff Robert Joseph McCarty asserts numerous claims against defendants based on his registration as a sex offender in Nevada. Plaintiff argues that he was denied due process when he was convicted of a sex crime in Japan, and thus it violates several of his constitutional rights to require him to register as a sex offender in the United States.

In the instant motion, plaintiff requests that the court enjoin defendants from enforcing the registration provisions of Nev. Rev. Stat. 179D.490, which would alter his status to that of a tier-two sex offender, thereby increasing the length of his registration to twenty-five years.

Liberally construing plaintiff's motion in consideration of his status as a *pro se* litigant, plaintiff argues that the reclassification of his tier status based on Nev. Rev. Stat 179D.490 is the equivalent of an unconstitutional *ex post facto* law.

**James C. Mahan**
**U.S. District Judge**

1  Further, plaintiff argues that his conviction of a sex crime in Japan took place without due
2  process, and therefore defendants should be enjoined from classifying him has a sex-offender in
3  Nevada.

### I. Legal standard

The Supreme Court has stated that courts must consider the following factors in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council, Inc*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

### II. Discussion

The court finds that a preliminary injunction is not appropriate in this case because plaintiff fails to show that he is likely to succeed on the merits of his claims.

As to plaintiff's first contention, the Ninth Circuit recently held that the expanded registration provisions of Nev. Rev. Stat 179D.490 did not violate the Ex Post Facto or Due Process Clauses of the Constitution. *See Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1053, 1060 (9th Cir. 2012). Therefore plaintiff's argument is devoid of legal merit and lacks any probability of success.

Plaintiff's second contention, that defendants are violating his due process rights by forcing him to register as a sex offender based on a wrongful conviction, similarly lacks probability of success. Nev. Rev. Stat. 179D.097(s) requires individuals convicted of sexual offenses in other jurisdictions to be registered as sex offenders within forty-eight hours after arriving or establishing residence in Nevada.

The Sex Offender Registration and Notification Act ("SORNA") provides "[a] foreign conviction is not a sex offense . . . if it was not obtained with sufficient safeguards for fundamental

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  fairness and due process for the accused under guidelines or regulations established under section
2  16912 of this title." 42 U.S.C. § 16911(5)(B). The "guidelines" referred to are the SORNA
3  Guidelines issued by the attorney general, which adopted the following standards with respect to
4  foreign convictions:

> Sex offense convictions under the laws of any foreign country are deemed to have been obtained with sufficient safeguards for fundamental fairness and due process if the U.S. State Department, in its Country Reports on Human Rights Practices, has concluded that an independent judiciary generally (or vigorously) enforced the right to a fair trial in that country during the year in which the conviction occurred. Registration must be required on the basis of such convictions on the same footing as domestic convictions.

Office of the Attorney General, The National Guidelines for Sex Offender Registration and Notification, 73 FR 38030, 38050-51 (July 2, 2008).

The State Department Country Reports for Japan in 2002 and 2003 found that the Japanese government "generally respected in practice the constitutional provisions for the right to a speedy and public trial by an impartial tribunal in all criminal cases." U.S. Department of State, County Reports on Human Rights (March 31, 2003), *available at* http://www.state.gov/j/drl/rls/hrrpt/2002/18246.htm; U.S. Department of State, County Reports on Human Rights (February 25, 2004), *available at* http://www.state.gov/j/drl/rls/hrrpt/2003/27772.htm.

Notably, plaintiff does not dispute that he was convicted of a sexual offense in Japan, but contests the procedures that led to his conviction. Plaintiff was convicted of the crime of "quasi indecent assault." The indictment stated that plaintiff told three high school girls, his students, "to change into his clothes and lie on the bed for massage, made them mistakenly believe what he said and kept them from resisting him, then he stroked or touched their breasts and private parts with his hands for pleasure, thus he committed indecency on them, respectively, on a number of occasions." (Doc. # 227 p. 15).

Plaintiff fails to show that the crime of which he was convicted would not constitute a sexual offense if it had been committed in Nevada. Furthermore, plaintiff provides only unsupported allegations that violations of his rights took place which lead to the conviction. Therefore, the court

**James C. Mahan**
**U.S. District Judge**

- 3 -

finds that plaintiff lacks a probability of success on the merits of his claims, and plaintiff's motion for a preliminary injunction will be denied.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Robert Joseph McCarty's motion for a preliminary injunction (doc. # 231) be, and the same hereby is, DENIED.

DATED April 8, 2014.

_____
**UNITED STATES DISTRICT JUDGE**