UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,  <br>  Plaintiff(s),  <br> vs.  <br> JOHN V. ROOS, et al.,  <br>  Defendant(s). | Case No. 2:11-cv-1538-JCM-NJK  <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION FOR DISCOVERY FROM ALL DEFENDANTS  <br><br> (Docket No. 270) |

Pending before the Court is Plaintiff's motion for discovery on all named Defendants. Docket No. 270.[1] Defendants filed a response and Plaintiff filed a reply. Docket Nos. 276, 279. Although not entirely clear, Plaintiff's motion appears to seek a Court order that he may obtain discovery from those Defendants who have been dismissed from this case. *Cf.* Docket No. 269 (explaining that all claims have been dismissed except those "seeking prospective injunctive relief against defendants Charlene Hoerth and Patrick Saunders in their official capacities"). Defendants' response indicates that Plaintiff has served discovery on dismissed Defendants. *See* Docket No. 276 at 3. Defendants argue that "[n]either rule 33 or 34 allow Plaintiff to serve discovery on a nonparty, which would include all parties that have been previously dismissed. The dismissed individuals and agencies are no longer parties subject to FRCP 26, 33 or 34." *Id.*

---

[1] The pending motion also seeks permission to file an interlocutory appeal. *See* Docket No. 270. That aspect of the motion will be addressed in a separate order.

At this time, the Court does not have sufficient information regarding the discovery propounded by Plaintiff on the dismissed Defendants. While Defendants are correct that Rules 33 and 34 apply only to parties, they overlook the fact that discovery may be sought from non-parties pursuant to Rule 45. Of course, discovery subpoenas served under Rule 45 have limits. "A Rule 45 subpoena must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1), which limits discovery to 'any matter, not privileged, that is relevant to the claim or defense of any party in the pending action.'" *Wells Fargo Bank, N.A. v. Iny*, 2014 WL 1796437, *3 (D. Nev. May 6, 2014) (quoting *Widevoice Commc'ns v. Qwest Commc'ns Co.*, 2012 WL 1439071 (D. Nev. Apr. 26, 2012)). To the extent Plaintiff seeks discovery from any dismissed Defendant, he must comply with the procedures outlined in Rule 45 and *such discovery must be limited to information relevant to his claims that remain in this case* (*i.e.*, those claims "seeking prospective injunctive relief against defendants Charlene Hoerth and Patrick Saunders in their official capacities").

In light of the above, Plaintiff's motion for discovery is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: July 9, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

2