UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JOSEPH MCCARTY, | Case No. 2:11-CV-1538 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. ROOS, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's (hereinafter "plaintiff") motion *in limine* to include and exclude specific documents as evidence. (Doc. # 253). Defendants filed a response, (doc. #256), to which plaintiff replied, (doc. #257).

**I.    Background**

On or about September 26, 2011, plaintiff filed a civil rights action against Nevada's attorney general Catherine Cortez Masto, Charlene Hoerth ("Hoerth"), Patrick Saunders ("Saunders"), two Nevada Department of Safety employees, and two federal officials, John Roos, ambassador to Japan, and Joseph Koen, United States consul to Japan.

On December 2, 2011, plaintiff filed an amended complaint for monetary damages, injunctive relief, expungement of his criminal record, and a full name and identity change. (Doc. # 8).

On March 22, 2013, plaintiff filed a second amended complaint naming eight additional defendants to those already identified in the amended complaint. (Doc. # 133). In his second amended complaint, plaintiff alleged that his civil rights were violated when he was required to register as a sex offender in Nevada based on his sex offense conviction in Japan. Plaintiff asserted that his conviction was secured wrongfully, without due process.

**James C. Mahan**
**U.S. District Judge**

Thereafter, federal and state defendants each filed two motions to dismiss all parties and claims. (Docs. # 136, 156, 193 & 221). The court denied dismissal of plaintiff's prospective injunctive relief claims against state defendants Hoerth and Saunders in their official capacities but dismissed all other parties and claims. (Docs. # 234, 235, 244 & 246).

Plaintiff now moves *in limine* to include and exclude specific documents as evidence.

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, no. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. April 18, 2013).

. . .

. . .

James C. Mahan
U.S. District Judge

### III. Discussion

Plaintiff requests a pretrial ruling on the admissibility of certain evidence. He asks the court to admit his sworn affidavit "inasmuch as there is no offered evidence whatsoever to refute plaintiff's torture." (Doc. # 253-1). Plaintiff also requests that the court admit the Report of the United Nations Committee Against Torture. (Doc. # 253-2). Further, he asks that the court admit the "undisputed" definition of torture pursuant to Article 1 of the United Nations Declaration Against Torture. (Doc. # 253-4). Finally, he requests that the court admit Amnesty International's 2002 Report on Japan. (Doc. # 253-5).

Plaintiff asks the court to exclude "biased materials based on the United States foreign policy towards Japan," namely the State Department's Human Rights Reports on Japan. (Doc. # 253). Plaintiff also requests that the court exclude statements included in defendants' reply on their first motion to dismiss, (doc. # 227), detailing the indictment's description of plaintiff's sex offense. (Doc. # 253). Finally, plaintiff requests that the court "exclude the unauthenticated documents used to register the plaintiff as a sex offender." (Doc. # 253-3).

Defendants contend that plaintiff misunderstands the purpose of a motion *in limine*. They argue that plaintiff is asking the court to rule that his Japanese conviction was based on torture, rather than asking for an evidentiary ruling. (Doc. # 256). Further, defendants claim that the documents plaintiff references are irrelevant because the only remaining cause of action seeks an injunction barring defendants from requiring plaintiff to register as a sex offender in Nevada. Defendants argue that "the documents are irrelevant because plaintiff has repeatedly admitted to his Japanese conviction of a sexual offense which triggers the registration requirement under NRS 179D.460." (Doc. # 256).

Defendants also argue that plaintiff's affidavit should not be admitted because "plaintiff could testify as to all such information if it were deemed relevant at the time of trial." (Doc. # 256). Defendants further contend that plaintiff's motion *in limine* is premature, as discovery has yet to be completed and any contested issues may be resolved by dispositive motions. (Doc. # 256).

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Pursuant to the legal standard above, the court will deny plaintiff's requests for
2 admission.  Motions *in limine* serve to preclude admission or discussion of unfairly prejudicial
3 evidence during the course of trial.  The court sees no reason why plaintiff cannot move to admit
4 evidence as requested above in the normal course of trial.

5    Similarly, the court will not grant plaintiff's request to exclude the above-mentioned
6 evidence at this time.  Without further development of the case, plaintiff's requests to exclude
7 the evidence at this time are premature.  Plaintiff may seek to readdress the evidence at issue
8 after discovery has concluded, and the court will address any request to proceed outside the
9 presence of the jury as appropriate at trial.

10    Pursuant to the standard above, the court will deny the motion *in limine* without
11 prejudice.

12 **IV.   Conclusion**

13    For the foregoing reasons,

14    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in*
15 *limine*, (doc. # 253), be, and the same hereby is, DENIED without prejudice.

16    DATED August 25, 2014.

       _____
       UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -