UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT JOSEPH MCCARTY, | Case No. 2:11-CV-1538 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. ROOS, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's (hereinafter "plaintiff") motion for certification under Federal Rule of Civil Procedure 54(b). (Doc. # 266). Defendants filed a response to the motion, (doc. #272), to which plaintiff replied, (doc. # 274).

Also before the court is plaintiff's motion to require discovery or, in the alternative, permission to file an interlocutory appeal. (Doc. # 270). Defendants filed a response, (doc. # 276), to which plaintiff replied, (doc. # 279).

Also before the court is plaintiff's motion for judicial notice of adjudicative facts and presumption in a civil case. (Doc. # 284). Defendants filed a response, (doc. # 286), to which plaintiff replied, (doc. # 287).

Also before the court is plaintiff's motion for torture litigation rights. (Doc. # 271). Defendants filed a response, (doc. # 277), to which plaintiff replied, (doc. # 280).

Also before the court is plaintiff's motion to strike defendant's caption misuse. (Doc. # 274). No response was filed, as this motion was included with plaintiff's reply on the motion for certification.

**I.   Background**

On or about September 26, 2011, plaintiff filed a civil rights action against Nevada's Attorney General Catherine Cortez Masto, Charlene Hoerth ("Hoerth"), Patrick Saunders

**James C. Mahan**
**U.S. District Judge**

1  ("Saunders"), two Nevada Department of Safety employees, and two federal officials, John
2  Roos, Ambassador to Japan, and Joseph Koen, United States Consul to Japan.

3  On December 2, 2011, plaintiff filed an amended complaint for monetary damages,
4  injunctive relief, expunction of his criminal record, and a full name and identity change. (Doc. #
5  8).

6  On March 22, 2013, plaintiff filed a second amended complaint naming eight additional
7  defendants to those already identified in the amended complaint. (Doc. # 133). In his second
8  amended complaint, plaintiff alleged that his civil rights were violated when he was required to
9  register as a sex offender in Nevada based on his sex offense conviction in Japan. Plaintiff
10  asserted that his conviction was secured wrongfully, without due process.

11  Thereafter, federal and state defendants each filed two motions to dismiss all parties and
12  claims. (Docs. # 136, 156, 193 & 221). The court denied dismissal of plaintiff's prospective
13  injunctive relief claims against state defendants Hoerth and Saunders in their official capacities
14  but dismissed all other parties and claims. (Docs. # 234, 235, 244 & 246). None of the court's
15  orders called for an entry of judgment. The instant motions followed.

16  **II.     Legal Standards**

17  *A.  54(b) certification*

18  Federal Rule of Civil Procedure 54(b) controls the analysis of finality of judgments for
19  purposes of appeal in federal civil actions. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S.
20  1, 7-8 (1980). A judgment in a consolidated action that does not resolve all claims against all
21  parties is not appealable as a final judgment without a Rule 54(b) certification. *See Huene v.*
22  *United States*, 743 F.2d 703, 704-05 (9th Cir. 1984); *Curtiss-Wright*, 446 U.S. at 8 ("Not all final
23  judgments on individual claims should be immediately appealable, even if they are in some sense
24  separable from the remaining unresolved claims.").

25  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs
26  and risks of multiplying the number of proceedings and of overcrowding the appellate docket are
27  outbalanced by pressing needs of the litigants for an early and separate judgment as to some
28  claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

**James C. Mahan**
**U.S. District Judge**

*B. Interlocutory appeal*

A motion for certification to file an interlocutory appeal is governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.3d 1020, 1026 (9th Cir. 1982).

"[S]ection 1292(b) requires that the district judge be 'of the opinion' that the criteria for section 1292(b) appeal are met," *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1339 (9th Cir. 1976), and this section is intended "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.3d at 1026. Further, "[s]ection 1292(b) is not intended to make denials of summary judgment routinely appealable." *Ahrenholz v. Bd. of Tr.*, 219 F.3d 674, 676 (7th Cir. 2000). The district court possesses "inherent power" to reconsider an order over which it maintains jurisdiction. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see also Marconnie Wireless Tel. Co. v. United States*, 320 U.S. 1, 47 (1943).

*C. Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Fed. R. Evid. 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

**James C. Mahan**
**U.S. District Judge**

*D. Presumption*

Federal Rule of Evidence 301 governs presumptions in civil cases. It states:

> In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally.

Fed. R. Evid. 301.

Additionally, Federal Rule of Evidence 302 establishes that "[i]n a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 302.

**III.   Discussion**

*A.   54(b) certification*

Plaintiff appears to be asking the court to certify all dismissed claims in the present case as final judgments so that plaintiff can appeal them. (Doc. # 266). Plaintiff also moves to require discovery "pursuant to the absence of court rule 54(b) certification(s) as to all dismissed claims". (Doc. # 270).

The court has issued a number of orders dismissing the majority of defendants and claims in this case. Pursuant to the legal standard above, certification of dismissals as final judgments under 54(b) is not warranted.

Further, discovery is inapplicable to defendants who have been dismissed from the case. For these reasons, the court will deny the motion for 54(b) certification of claims as well as the motion to require discovery from dismissed defendants.

*B.   Interlocutory appeal*

In the alternative, plaintiff seeks certification or permission from the court to file an interlocutory appeal. (Doc. # 270). As previously stated, an interlocutory appeal or 54(b) certification is unwarranted. Such an appeal or certification in this case would only lead to further meritless filings.

The court cannot identify any issues in the case that would warrant an appeal pursuant to the standard above. Consequently, the court will deny plaintiff's request for permission to file an interlocutory appeal.

James C. Mahan
U.S. District Judge

*C. Judicial notice*

Plaintiff moves for judicial notice of adjudicative facts under Federal Rule of Evidence 201. (Doc. # 284). Plaintiff requests that the court take judicial notice of a total of 44 points, including the following: (1) "plaintiff suffers a substantial alteration in legal status which encroaches on a cognizable liberty interest," (2) plaintiff has multiple cognizable claims for relief considering his alleged torture, (3) the holding in *Samantar v. Yousef*, 560 U.S. 305 (2010), regarding the immunity of foreign states in United States courts, (4) the Amnesty International Submission to the United Nations Human Rights Committee, and (5) the Torture Victims Protection Act (TVPA), Foreign Sovereign Immunities Act (FSIA), and the Restatement (Third) of Foreign Relations Law (RFRL). (Doc. # 284).

Defendants respond that the facts for which plaintiff seeks judicial notice are not "highly indisputable," thus judicial notice is improper. (Doc. # 286). Defendants further argue that plaintiff's request for judicial notice amounts to a motion for reconsideration on certain issues, and that reconsideration would be improper in this case. Finally, defendants contend that certain points for which plaintiff seeks judicial notice are irrelevant to the remaining claims in the case.

The court agrees with defendants' arguments on this issue. Plaintiff asks the court to take judicial notice of statements and sources of law that are not adjudicative facts. Many of the points asserted by plaintiff are central to the case and should be established by the parties at trial. Other information for which the plaintiff seeks judicial notice is irrelevant. Because the only remaining defendants are two state officials, judicial notice of facts relating to the immunity of foreign sovereign officials is inappropriate. Accordingly, the court will deny all requests for judicial notice.

*D. Presumption*

Plaintiff also seeks a presumption in his favor pursuant to Federal Rule of Evidence 301. (Doc. # 284). Plaintiff appears to be requesting that the court recognize a presumption based on an Amnesty International Submission to the United Nations Human Rights Committee, which details certain perspectives on the Japanese pre-trial detention system. (Doc. # 284).

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

Defendants respond that any presumptions are governed by state law because the issue presented arises under the Nevada statute requiring registration of sex offenders, NRS 179D.460. (Doc. # 286). Defendants argue that because plaintiff has not identified any applicable presumption under Nevada law, his present request is nonsensical and not relevant to these proceedings.

The court again agrees. Plaintiff fails to identify a presumption under state law that would govern the claims at issue. Further, the Amnesty International report does not provide an adequate basis for a presumption in plaintiff's favor. For these reasons, the court will deny the request for a presumption.

*E. Torture rights*

Next, plaintiff moves for court confirmation of his torture litigation rights pursuant to the Foreign Sovereign Immunities Act (FSIA), Torture Victims Protection Act (TVPA), and Restatement (Third) of Foreign Relations Law (RFRL). (Doc. # 271).

Defendants argue that this request is nonsensical and should be dismissed because no such cause of action is a part of this lawsuit. Defendants note that the pleadings in the case do not support plaintiff's contention that any torture litigation rights attach to this case. Defendants point out that the lone cause of action remaining is plaintiff's claim for prospective injunctive relief against state defendants Hoerth and Saunders in their official capacities.

The court agrees with defendants' arguments. There is no evidence that the law referenced by plaintiff has any bearing on the remaining claims in the case. Plaintiff's only outstanding claim pertains to the requirement that he register as a sex offender under Nevada law. Consequently, any arguments that torture litigation rights apply to this case are unfounded. Accordingly, the court will deny plaintiff's motion for court confirmation of his torture litigation rights.

*F. Caption misuse*

Finally, plaintiff attempts to include a motion to strike defendant's misuse of captions to mislead court with his reply to defendants' response to his motion for 54(b) certification. (Doc. # 274). Plaintiff alleges that defendants are "stealthily trying to mislead the court" by

**James C. Mahan**
**U.S. District Judge**

- 6 -

"surreptitiously or underhandedly changing the original complaint caption." (Doc. # 274).

This motion appears to stem from plaintiff's concern about the "unnamed officials" he sought to include in his original complaint. Defendants are correct that all defendants other than Hoerth and Saunders have been dismissed from the case. Because no "unnamed officials" remain as defendants, plaintiff's motion to strike defendant's misuse of captions is without merit. Accordingly, the motion will be denied.

**IV.   Conclusion**

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for 54(b) certification, (doc. # 266), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for discovery or, in the alternative, for certification or permission to file an interlocutory appeal, (doc. # 270), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judicial notice and for a presumption in his favor, (doc. # 284), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for torture rights, (doc. # 271), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to strike defendant's misuse of captions, (doc. # 274), be, and the same hereby is, DENIED.

DATED August 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**