UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROBERT JOSEPH MCCARTY, | Case No. 2:11-CV-1538 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. ROOS, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Robert Joseph McCarty's (hereinafter "plaintiff") motion to recuse federal judge James C. Mahan. (Doc. # 291).

Plaintiff claims that recusal is necessary to "prevent a manifest injustice." (Doc. # 291). In particular, plaintiff alleges that, in denying plaintiff's prior motions, Judge Mahan inappropriately failed to examine all of the relevant information and law identified by plaintiff. (Doc. # 289). Plaintiff argues that Judge Mahan has "deliberated violated this Plaintiff's personal liberties and/or wantonly refused to provide due process and equal protection . . . ." (Doc. # 291).

In support of his motion, plaintiff cites legal authority and case law that do not relate to recusal. *See, e.g.*, U.S. Const. Art. VI ("all executive and judicial Officers . . . shall be bound by Oath or Affirmation, to support this Constitution . . . ."); *Alvarez v. QPI Multipress, Inc.*, 2007 WL 1988724 (N.D.N.Y. 2007) (granting motion to reconsider but not discussing recusal); *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (reversing and remanding case on due process grounds where recusal was not at issue); *Stone v. Powell*, 428 U.S. 465, 483 n. 35 (1976) (denying habeas relief to state prisoners based on application of exclusionary rule).

Pursuant to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978). Section 455(a) is

**James C. Mahan**
**U.S. District Judge**

1  broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be
2  questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860
3  n.8 (1988).

4  However, for section 455 recusal to be warranted, the source of any alleged bias must
5  generally be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Judicial bias or
6  prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's
7  actions "display a deep-seated favoritism or antagonism that would make fair judgment
8  impossible." *Id.* at 555. Thus, judicial rulings will support a motion for recusal only "in the
9  rarest of circumstances." *Liteky*, 510 U.S. at 555.

10  Plaintiff's only allegation of impropriety is Judge Mahan's failure to consider sources of
11  international law cited by plaintiff in support of his prior motions. (Doc. # 291). Plaintiff's most
12  recent motions requested, among other things, permission to file an interlocutory appeal,
13  recognition of "torture litigation rights," and judicial notice of numerous documents and
14  international legal standards. (Docs. # 270, 271, 284).

15  The court's order denying these motions explains that the court considered plaintiff's
16  referenced sources but concluded that they were either not judicially noticeable or were
17  inapplicable to the remaining state law claim in the case. (Doc. # 289).

18  Plaintiff has not identified any action of Judge Mahan indicating judicial bias or
19  prejudice. The court properly considered the legal standards cited by plaintiff and found them to
20  be inapplicable. Further, any failure to consider plaintiff's sources of law was not extrajudicial
21  and does not indicate a "deep-seated favoritism or antagonism." *Liteky*, 510 U.S. at 541.
22  Therefore, recusal under 28 U.S.C. § 455(a) is not necessary in this case.

23  Accordingly,

24  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
25  recuse federal judge James C. Mahan, (doc. # 291), be, and the same hereby is, DENIED

26  DATED September 8, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -