UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JOSEPH MCCARTY, | Case No. 2:11-CV-1538 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. ROOS, et al., | |
| Defendant(s). | |

Presently before the court is a motion for summary judgment filed by defendants Charlene Hoerth and Patrick Saunders (hereinafter "defendants"). (Doc. # 296). *Pro se* plaintiff Robert Joseph McCarty (hereinafter "plaintiff") filed a response. (Doc. # 300).

Also before the court is plaintiff's motion to reconsider. (Doc. # 290). Defendants filed a response, (doc. # 298), and plaintiff filed a reply, (doc. # 299).

Also before the court is plaintiff's motion to amend complaint. (Doc. # 292). Defendant filed a response, (doc. # 301), and plaintiff filed a reply, (doc. # 302).

**I.  Background**

On or about September 26, 2011, plaintiff filed a civil rights action against Nevada's Attorney General Catherine Cortez Masto, Charlene Hoerth ("Hoerth"), Patrick Saunders ("Saunders"), two Nevada Department of Safety employees, and two federal officials, John Roos, Ambassador to Japan, and Joseph Koen, United States Consul to Japan.

On December 2, 2011, plaintiff filed an amended complaint for monetary damages, injunctive relief, expunction of his criminal record, and a full name and identity change. (Doc. # 8).

On March 22, 2013, plaintiff filed a second amended complaint naming eight additional defendants to those already identified in the amended complaint. (Doc. # 133).  In his second

**James C. Mahan**
**U.S. District Judge**

amended complaint, plaintiff alleged that his civil rights were violated when he was required to register as a sex offender in Nevada based on his sex offense conviction in Japan. Plaintiff asserted that his conviction was secured wrongfully, without due process.

Thereafter, federal and state defendants each filed two motions to dismiss all parties and claims. (Docs. # 136, 156, 193 & 221). The court denied dismissal of plaintiff's prospective injunctive relief claims against state defendants Hoerth and Saunders in their official capacities but dismissed all other parties and claims. (Docs. # 234, 235, 244 & 246). None of the court's orders called for an entry of judgment.

Plaintiff has since filed numerous motions, all of which the court has denied. On April 4, 2014, the court denied plaintiff's motion for default judgment, (doc. # 243), motion for a preliminary injunction, (doc. # 231), and cross-motion to compel, (doc. # 238). (Docs. # 247, 248, 249).

On August 25, 2014, the court denied plaintiff's motion *in limine* (doc. # 253), motion for 54(b) certification, (doc. # 266), motion for discovery or certification to file an interlocutory appeal, (doc. # 270), motion for torture rights, (doc. # 271), motion for judicial notice and a presumption in his favor, (doc. # 284), and motion to strike defendant's misuse of captions, (doc. # 274). (Docs. # 288, 289).

Plaintiff then filed the instant motion to reconsider, (doc. # 290), and motion to amend complaint, (doc. # 292). Defendants then filed the instant motion for summary judgment. (Doc. # 296).

**II.  Legal Standard**

*A. Summary judgment*

The federal rules of civil procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

James C. Mahan
U.S. District Judge

1    For purposes of summary judgment, disputed factual issues should be construed in favor
2 of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to
3 be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts
4 showing that there is a genuine issue for trial." *Id.*

5    In determining summary judgment, a court applies a burden-shifting analysis. "When the
6 party moving for summary judgment would bear the burden of proof at trial, it must come
7 forward with evidence which would entitle it to a directed verdict if the evidence went
8 uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the
9 absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage*
10 *Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

11    By contrast, when the non-moving party bears the burden of proving the claim or
12 defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate
13 an essential element of the non-moving party's case; or (2) by demonstrating that the non-
14 moving party failed to make a showing sufficient to establish an element essential to that party's
15 case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at
16 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied
17 and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress &*
18 *Co.*, 398 U.S. 144, 159-60 (1970).

19    If the moving party satisfies its initial burden, the burden then shifts to the opposing party
20 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
21 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the
22 opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient
23 that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
24 differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
25 809 F.2d 626, 631 (9th Cir. 1987).

26    **B. Reconsideration**

27    A motion for reconsideration "should not be granted, absent highly unusual
28 circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**James C. Mahan**
**U.S. District Judge**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

### C. Amending complaint

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

While the standard to grant leave to amend is liberal, a district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). In addition to the Rule 15 requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with its motion to amend. LR 15-1(a).

## III. Discussion

### A. Summary judgment

Defendants argue in their motion for summary judgment that there is no genuine dispute of material fact in the present case. (Doc. # 296).

Plaintiff was required to register as a sex offender pursuant to Nevada Revised Statute 179D.400, which defines a sex offender as a person who has been "convicted of a sexual offense listed in NRS 179D.410." NRS 179D.400(a). NRS 179D.460 requires such sex offenders to register with local law enforcement agencies within 48 hours of establishing residence in Nevada. NRS 179D.410.

**James C. Mahan**
**U.S. District Judge**

NRS 179D.400(a) includes in the definition of sexual offense "[a]n offense that is deemed to be sexually motivated," and "[a]n offense committed in another jurisdiction that, if committed in this State, would be an offense listed in this subsection." NRS 179D.400(a)(17)-(18).

Plaintiff admits that he was convicted of "quasi indecent assault" in Japan in 2003. (Doc. # 133). The relevant indictment alleged that plaintiff inappropriately touched three underage students on a number of occasions. (Doc. # 296-2). Based on his Japanese conviction, plaintiff was required to register as a sex offender under NRS 179D.410(18).

Federal law provides additional guidance on registration requirements for individuals convicted of sex offenses in foreign jurisdictions. Foreign convictions must be obtained with sufficient due process safeguards in order to qualify in the United States. 42 U.S.C. § 16911. These standards are largely determined by the State Department's Country Reports on Human Rights Practices. The report for Japan in the years 2002 and 2003 found sufficient due process guarantees.

Plaintiff argues that his registration is improper because his conviction was obtained as a result of "undisputed Japanese torture." However, the court previously dismissed all claims aside from those against the instant defendants for injunctive relief regarding the registration requirement. (Doc. # 235).

Accordingly, viewing the evidence in the light most favorable to plaintiff, the court finds no genuine dispute of material fact regarding the remaining claims in the case. Plaintiff does not dispute the existence of a qualifying sex offense conviction, and his conviction properly qualifies under the Nevada registration requirements. Therefore, the court will grant defendants' motion for summary judgment.

B. *Reconsideration*

Plaintiff moves the court to reconsider its August 25, 2014, order denying a number of plaintiff's meritless motions. (Doc. # 290). In one of the motions denied by the court, plaintiff improperly sought judicial notice of documents and statutes for which judicial notice is unavailable. (Doc. # 284). For the reasons in that order, the court denied the motion. (Doc. #

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  289).

2  As stated above, a court will only reconsider a prior order under rare circumstances.
3  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These include new
4  evidence, a showing of clear error creating manifest injustice, or an intervening change in
5  controlling law. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993);
6  Fed. R. Civ. P. 60(b).

7  Plaintiff's motion alleges a "manifest injustice," but provides no convincing evidence to
8  support his contention. (Doc. # 290). In support of his motion, plaintiff simply restates his prior
9  requests for judicial notice. As the court previously held, plaintiff's requests are either irrelevant
10  or do not cite properly noticeable adjudicative facts. (Doc. # 189). The court cannot find clear
11  error in its prior ruling, so the motion for reconsideration will be denied.

12  *C.  Amending complaint*

13  Plaintiff moves to add the senior deputy attorney general and deputy attorney general,
14  Adam Honey and Lori Story, to his complaint. (Doc. # 292). Plaintiff's request borders on the
15  nonsensical and does not assert any new arguments. Plaintiff alleges that these individuals "did
16  not demonstrate respect for the legal system" and "repudiated the administration of justice."
17  (Doc. # 292).

18  While leave to amend should generally be granted liberally, it is inappropriate where
19  amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir.
20  2008). Defendant's allegations against the above-mentioned individuals are insufficient to
21  warrant leave to amend.

22  Plaintiff has already filed two amended complaints in this case, one of which was
23  pursuant to the court's grant of leave to amend. (Doc. # 132). However, plaintiff has continually
24  failed to state a colorable claim for relief. Instead, plaintiff has filed numerous lengthy motions
25  that simply repeat the same irrelevant arguments. Accordingly, the court finds that it would be
26  futile to grant plaintiff leave to amend his complaint.

27  Additionally, Local Rule 15-1(a) requires a party filing a motion for leave to amend to
28  attach a proposed amended complaint to the motion. LR 15-1(a). Plaintiff has failed to do so

**James C. Mahan**
**U.S. District Judge**

- 6 -

with the instant motion.

Based on the foregoing, the court will deny plaintiff's motion for leave to amend.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment, (doc. # 296), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration, (doc. # 290), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend complaint be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment and close the case.

DATED September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -